107-50672 BAM:ag *Electronically Filed*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANA M. MCNAMARA,

Plaintiff,

v.

JOEL F. HANDLER, an individual, SHELLEY ANN KOELLER, individually and as agent of the COOK COUNTY SHERIFF'S OFFICE, RENE FULLALOVE, individually and as agent of the COOK COUNTY SHERIFF'S OFFICE, MARTHA DICARO, individually and as agent of the COOK COUNTY SHERIFF'S OFFICE, SHERI SAVICKES, individually and as agent of the COOK COUNTY SHERIFF'S OFFICE, and COOK COUNTY SHERIFF, TOM DART, and the COUNTY OF COOK,

Defendants.

FILED: JULY 8, 2008
Case No.: 08CV3868
JUDGE KENDALL
MAGISTRATE JUDGE COX
TG

**COMPLAINT**

NOW COMES Plaintiff, ANA M. MCNAMARA, Esq., by and through her attorneys, STEVEN PONTIKES & ASSOCIATES, and Complains of the above-named Defendants as follows:

**I. JURISDICTION AND VENUE**

1. The court has jurisdiction over this cause of action pursuant to 42 U.S.C. § 1983 of the Civil Rights Act, the judicial code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction under 28 U.S.C. § 1367(a).

## I. PARTIES

2. Plaintiff, ANA M. MCNAMARA, ("McNamara") is a licensed Illinois attorney in good standing who resides in the City of Chicago, Illinois, County of Cook.

3. Defendant, JOEL F. HANDLER, is an attorney licensed to practice law in the State of Illinois and resides in Highland Park, Illinois, County of Cook. JOEL F. HANDLER'S law office is located at 55 W. Wacker Drive, Suite 950, Chicago, Illinois, County of Cook.

4. Defendant, TOM DART is the Sheriff of Cook County, an office of Cook County created pursuant to the Local Government Article of the Illinois Constitution, Ill.Const.1978, Art. 7, §4c and was Sheriff at all times pertinent hereto. He is sued in his official capacity.

5. COUNTY OF COOK is the employer of the Sheriff and deputy sheriffs and is a local public entity under the laws of the State of Illinois.

6. Defendant SHELLEY ANN KOELLER is and was at all relevant times an employee/agent of Defendant COOK COUNTY SHERIFF'S OFFICE (hereinafter referred to as "CCSO") employed in the capacity as a Sergeant.

7. Defendant RENE FULLALOVE is and was at all relevant times an employee/agent of Defendant CCSO and is employed in the capacity as a Deputy.

8. Defendant SHERI SAVICKES is and was at all relevant times an employee/agent of Defendant CCSO and is employed in the capacity as a Deputy.

9. Defendant MARTHA DICARO is and was at all relevant times an employee/agent of Defendant CCSO employed in the capacity as a Chief.

10. At all times, material to this Complaint, the Defendants were acting under Color of State Law, Ordinance and/or Regulation.

## FACTS

11. On or about October 3, 2006, Defendant JOEL F. HANDLER appeared in front of Judge Alexander White in JOEL F. HANDLER, as assignee of MARK MCNABOLA v. ANA MCNAMARA (Case No. 01 L 3814) in the Circuit Court of Cook County and obtained an arrest warrant/body attachment against Plaintiff MCNAMARA.

12. The October 3, 2006 warrant/body attachment contained language as follows: "The Sheriff is also ordered to promptly pick up the defendant & **not to initially send a letter to the Defendant."** The warrant/body attachment also included a $20,000.00 cash bond. The warrant/body attachment was obtained without Plaintiff's knowledge and kept from Plaintiff's knowledge after it was entered, until September 4, 2007.

13. On September 4, 2007, 11 months after obtaining the warrant, Defendant HANDLER went to the CCSO located on the seventh (7th) floor of the Richard J. Daley Center and placed the arrest warrant/body attachment with CCSO with agents KOELLER and DICARO information that Plaintiff MCNAMARA was in courtroom 2502 of the Daley Center.

14. On September 4, 2007, Plaintiff MCNAMARA was on trial in room 2502 before the Honorable Nancy Arnold. MCNAMARA represented Mr. Murad Sweiss who had been her client for a number of years. That day, the CCSO, and through its agents FULLALOVE and SAVICKES served the arrest warrant/body attachment on MCNAMARA while on trial.

15. Plaintiff MCNAMARA lost the September 4, 2007 trial that was interrupted by Defendants JOEL F. HANDLER and the CCSO and its agents/employees. Further, as a direct and proximate result of the timing and execution of the arrest warrant, and the above-named Defendants' actions, Plaintiff MCNAMARA's client that she represented on trial on September

4, 2007, Mr. Murad Sweiss, has terminated her services and representation now and forever in the future.

16. Prior to September 4, 2007 Plaintiff MCNAMARA had a long standing attorney/client relationship with Murad Sweiss, for several years, and handled many legal matters for him and was on trial representing him.

17. On September 4, 2007, Defendant JOEL F. HANDLER knew where Plaintiff MCNAMARA resided.

18. On and before September 4, 2007, Defendant CCSO and its agents/employees knew where Plaintiff MCNAMARA resided, and for many months prior thereto.

19. Upon information and belief, Defendant JOEL F. HANDLER has been practicing law in the State of Illinois since 1975. Defendant JOEL F. HANDLER was or should have been aware of a statutes in existence commonly known as 705 ILCS 205/9 and 725 ILCS 107-7.

20. The CCSO, as the arm of the government responsible for performing evictions, body attachments, and arrest warrants is aware of the statutes governing arrests, 705 ILCS 205/9 and 725 ILCS 107-7.

21. The Illinois law referenced above, states as follows:

> 205/9. **Arrest; privilege**. All attorneys and counselors at law, judges, clerks and sheriffs, and all other officers of the several courts within this state, shall be liable to be arrested and held on bail, and shall be subject to the same legal process, and may in all respects be prosecuted and proceeded against in the same courts and in the same manner as other persons are, any law, usage or custom to the contrary notwithstanding: ***Provided, nevertheless, said judges, counselors or attorneys, clerks, sheriffs and other officers of said courts, shall be privileged from arrest while attending courts, and whilst going to and returning from court.*** (emphasis added).

See, 705 ILCS 205/9.

22. Despite this knowledge that attorneys are immune from arrest while attending courts, and while going to and returning from court, Defendants JOEL F. HANDLER and the CCSO and its agents/employees caused and in fact executed the October 3, 2006 body attachment in a courtroom where Plaintiff MCNAMARA was on trial.

23. On information and belief, in facilitating the timing of the execution of the body attachment/warrant during Plaintiff MCNAMARA's September 4, 2007 trial, Defendant JOEL F. HANDLER obtained the assistance of SHELLEY ANN KOELLER, a Sergeant with the Cook County Sheriff's Office, who at all relevant times worked in the Evictions Department of the Sheriff's office.

**COUNT I – (42 U.S.C. § 1983) – False Arrest and Detention-County of Cook, Koeller, Fullalove, dicaro, Savickes, Dart, and CCSO**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

24. On September 4, 2007, Plaintiff MCNAMARA was unreasonably restrained and/or arrested by the Defendants CCSO through its agents and/or employees named above, while on trial.

25. When Defendants and Defendant CCSO restrained and/or arrested attorney MCNAMARA in a courtroom, while attending court and/or whilst coming from court, in violation of Illinois law, Defendants unreasonably restrained and detained Plaintiff MCNAMARA, violating her Fourth Amendment Right to be free from unreasonable searches and seizure, violating 42 U.S.C. § 1983.

26. As a result of Defendants' unreasonable restraint and/or arrest of Plaintiff MCNAMARA on September 4, 2007, Plaintiff's Fourth Amendment Rights were violated causing MCNAMARA to suffer damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against CCSO, and the individuals named herein in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future, and such other relief this court deems fair and proper under these circumstances.

**<u>COUNT II</u> (§ 1983) – Conspiracy-All Defendants**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

27. Through their actions, HANDLER and the CCSO, through its agents/employees and Defendants named herein have attempted to accomplish and engaged in the unlawful detention of MCNAMARA, causing her severe emotional distress, and damaging her professional reputation as well as business relationships and livelihood by using the legal process. The actions of all Defendants as set forth above constitute a conspiracy and/or joint action under the FOURTH and FOURTEENTH Amendments to unlawfully detain the Plaintiff.

28. The actions of Defendants in conspiring to deprive Plaintiff of her rights was the direct and proximate cause of the violations set forth above.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendants in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, prejudgment and post-judgment interest, further award punitive damages in

an amount sufficient to punish and deter such behavior in the future, and for such other relief this court deems fair and proper.

**COUNT III – Pendent Jurisdiction Intentional Interference with Business Relations-All Defendants**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

29. Defendants, HANDLER, and the CCSO through its agents/employees and individually named herein knew Plaintiff MCNAMARA was on trial and/ or conducting business for a client in courtroom 2502 of the Richard J. Daley Center on September 4, 2007.

30. Defendants, HANDLER and CCSO through its agents/employees, and individually knew on September 4, 2007 that Plaintiff MCNAMARA had a business relationship and/or business expectancy with any client that she would be representing in a courtroom at that time.

31. Through the aforementioned actions on September 4, 2007 and prior, Defendants HANDLER and CCSO through its agents/employees and individually intentionally interfered with Plaintiff MCNAMARA'S business relationship/business expectancy that she had with the client she was representing on trial September 4, 2007, Mr. Murad Sweiss.

32. Defendants' calculated timing of the execution of the warrant/body attachment for Plaintiff MCNAMARA during a trial interfered with her professional reputation with Circuit Court of Cook County judges in front of whom she regularly appears, as well as her reputation with opposing counsel, as well as other attorneys in the legal community.

33. As a result of Defendants' actions, the business and attorney-client relationship Plaintiff had with her client, Murad Sweiss, has been terminated and MCNAMARA has and will continue to suffer pecuniary damages in the future as a result.

34. Plaintiff MCNAMARA enjoyed economic advantage from her attorney-client and business relationship with Murad Sweiss over a number of years and, until September 4, 2007, had a reasonable, present and future, expectation of economic advantage from that relationship.

35. The September 4, 2007 arrest was witnessed by two Judges and two attorneys.

36. As a result of the aforementioned actions, Plaintiff MCNAMARA's professional reputation and relationship with Murad Sweiss and others have been irreparably damaged.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against all Defendants in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, prejudgment and post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future, and such other relief this court deems fair and proper under these circumstances.

**COUNT IV - Pendent State Law Claim –**
**Intentional Infliction of Emotional Distress - All Defendants**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

37. The acts identified herein by all Defendants constitute extreme and outrageous conduct towards Plaintiff MCNAMARA.

38. Through the aforementioned actions, Defendants intended to inflict emotional distress on Plaintiff MCNAMARA, and/or knew that their conduct would likely inflict emotional distress on MCNAMARA.

39. As a direct and proximate result of Defendants' aforementioned actions, Plaintiff MCNAMARA has suffered severe emotional distress, including but not limited to shame, humiliation, nausea, embarrassment, anger, horror, and worry, and has had physical manifestations of the distress including, but not limited to, loss of weight, stomach aches, loss of appetite, and depression, and has been forced to seek medical attention and assistance due to Defendants' actions.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendants in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, prejudgment and post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future, and such other relief this court deems fair and proper under these circumstances.

**COUNT V - Pendant State Law Claim –**
**Negligent Infliction of Emotional Distress - All Defendants**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

40. The CCSO through its agents and employees, KOELLER, FULLALOVE, DICARO and SAVICKES and other Defendants named herein, at all relevant times, had a duty to Plaintiff MCNAMARA to act reasonably in the execution and performance of their duties.

41. The CCSO, through its agents and/or employees, KOELLER, FULLALOVE, DICARO, and other Defendants named herein, at all relevant times had a duty to Plaintiff MCNAMARA to maintain courtroom decorum, and order in the courtroom.

42. The CCSO further had an affirmative duty to MCNAMARA, an attorney and fellow officer of the Court, not to disrupt the judicial process, disrupt or interfere with Plaintiff

MCNAMARA'S trial, or harass or interfere with Plaintiff MCNAMARA during the execution of her duties as an officer of the Court.

43. Through the actions of its agents and/or employees on or about September 4, 2007 (previously described herein), Defendant CCSO through its agents/employees, SHELLEY ANN KOELLER, MARTHA DICARO, SHERI SAVICKES and RENE FULLALOVE breached their duties mentioned in paragraphs herein.

44. As a direct and proximate result of Defendants' breach of duties, Plaintiff MCNAMARA has suffered physical and emotional damages, beginning immediately at the time of arrest on September 4, 2007, as well as damages to business contract and her business relationships and professional reputation, among other damages to be proven at trial.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against CCSO, SHELLEY ANN KOELLER, MARTHA DICARO, SHERI SAVICKES and RENE FULLALOVE, individually and as agents of CCSO, in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future, and such other relief this court deems fair and proper under these circumstances.

**<u>COUNT VI</u> - Abuse of Process - Defendant Joel F. Handler**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

45. Through Defendant JOEL F. HANDLER'S aforementioned actions, including, *but not limited to*, the facilitation of an arrest warrant to be "hidden" from the Plaintiff, failure to follow proper practice and procedure regarding the proper service of any Rule To Show Cause or Motion for Body Attachment, facilitating a twenty thousand dollar ($20,000.00) cash bond,

Defendant HANDLER committed acts in the use of process that are not proper in the regular course of proceedings. See, Ex. A.

46. As a result of Defendant HANDLER'S blatant abuse of process, MCNAMARA has, and will continue to suffer damages of a personal, physical, and pecuniary nature.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendant HANDLER in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, prejudgment and post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future, and such other relief this court deems fair and proper under these circumstances.

**COUNT VII - Violation of 705 IlCS 205/9-All Defendants**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

47. There is and was at all relevant times a statute in existence in Illinois commonly known as 705 ILCS 205/9.

48. The Illinois law referenced in paragraph twenty one (47) above states as follows:

> 205/9. **Arrest; privilege.** All attorneys and counselors at law, judges, clerks and sheriffs, and all other officers of the several courts within this state, shall be liable to be arrested and held on bail, and shall be subject to the same legal process, and may in all respects be prosecuted and proceeded against in the same courts and in the same manner as other persons are, any law, usage or custom to the contrary notwithstanding: ***Provided, nevertheless, said judges, counselors or attorneys, clerks, sheriffs and other officers of said courts, shall be privileged from arrest while attending courts, and whilst going to and returning from court.*** (emphasis added)

See, 705 ILCS 205/9.

49. That through their actions on or about September 4, 2007, Defendants violated 705 ILCS 205/9 by procuring the arrest of Plaintiff MCNAMARA in a courtroom while conducting court business for a client.

50. That through their actions on or about September 4, 2007, Defendants HANDLER, KOELLER and DICARO, FULLALOVE, and SAVICKES demanded, instructed, and/or encouraged others to violate 705 ILCS 205/9.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendants in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, prejudgment and post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future.

**COUNT VIII - Respondent Superior**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

51. Defendants, at all times material to this Complaint, employees of Defendant TOM DART the Sheriff of Cook County, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to TOM DART, Sheriff of Cook County under state law pursuant to *respondent superior*.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against CCSO, in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future, and such other relief this court deems fair and proper under these circumstances.

**COUNT IX - 745 ILCS 10/9-102 Action Against the Sheriff and/or Cook County**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

52. Pursuant to § 9-102 of the local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liable. 745 ILCS 10-9-102.

53. TOM DART, the Sheriff of Cook County, and the COUNTY OF COOK are local public entities as defined in the act. 745 ILCS 10/1-206. The definition includes "all local government bodies." The Office of the Sheriff of Cook County as well as the COUNTY OF COOK are local governmental bodies. Ill.Const. 1970 Art. 7§4(c).

54. Defendants at all relevant times were "employees" of the Sheriff of Cook County as defined by the Act. 745 ILCS 10/1-202. That definition includes "officers" and employees."

55. Certain conduct of Defendants as described in this Complaint was willful and wanton as defined in the Act. 745 ILCS 10/1-1-210.

56. The conduct of Defendants even if extreme and malicious, fell within the scope of their employment by TOM DART, Sheriff of Cook County and the COUNTY OF COOK, did not engage in wrongful conduct as private persons. Rather, they acted on behalf of Defendant, TOM DART, Sheriff of Cook County.

57. Defendants acted while on duty in the course of their employment. Their actions served the objective of TOM DART, Sheriff of Cook County to process, take control of and hold arrestees and pretrial detainees.

58. Pursuant to the Act, TOM DART, Sheriff of Cook County and/or the County of Cook are directly liable for the conduct of Defendants.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against CCSO, in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future, and such other relief this court deems fair and proper under these circumstances.

**COUNT X - Violation of 725 ILCS 5/107-7-All Defendants**

Plaintiff MCNAMARA re-states and re-alleges paragraphs one (1) through twenty three (23) as though fully set forth herein.

59. There is and was at all relevant times a statute in existence in Illinois commonly known as 725 ILCS 5/107-7.

60. The Illinois law referenced in paragraph twenty one (51) above states as follows:

> 107-7. Persons exempt from arrest. (a) Electors shall, in all cases except treason, felony or breach of the peace, be privileged from arrest during their attendance at election, and in going to and returning from the same.
> (b) Senators and representatives shall, in all cases, except treason, felony or breach of the peace, be privileged from arrest during the session of the General Assembly, and in going to and returning from the same.
> (c ) The militia shall in all cases, except treason, felony, or breach of the peace, be privileged from arrest during their attendance at musters and elections , and in going to and returning from the same.
> (d) **Judges, attorneys, clerks, sheriffs, and other court officers shall be privileged from arrest while attending court and while going to and returning from court.** (emphasis added).

See, 725 ILCS 5/107-7.

61. That through their actions on or about September 4, 2007, Defendants violated 725 ILCS 5/107-7 by procuring the arrest of Plaintiff MCNAMARA in a courtroom while conducting court business for a client.

62. That through their actions on or about September 4, 2007, Defendants HANDLER, KOELLER and DICARO, demanded, instructed, and/or encouraged others namely FULLALOVE and SAVICKES, to violate 725 ILCS 5/107-7.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendants in excess of five hundred thousand dollars ($500,000.00), that this court award attorney fees, costs, prejudgment and post-judgment interest, further award punitive damages in an amount sufficient to punish and deter such behavior in the future.

RESPECTFULLY SUBMITTED,

PONTIKES & ASSOCIATES

By: s/Beth A. Miller
s/Steven M. Pontikes
Attorneys for Plaintiff

Beth A. Miller
Steven M. Pontikes
PONTIKES & ASSOCIATES
111 W. Washington St., Ste. 1221
Chicago, IL 60602
(312) 464-1440
ARDC# 6203264 BAM
6183434 SMP