IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANA M. MCNAMARA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 3868 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| JOEL F. HANDLER, an individual, SHELLEY ANN KOELLER, individually and as agent of the COOK COUNTY SHERIFF'S OFFICE, RENE FULLALOVE, individual and as agent of the COOK COUNTY SHERIFF'S OFFICE, MARTHA DICARO, individually and as agent of the COOK COUNTY SHERIFF'S OFFICE, SHERI SAVICKES, individually and as agent of the COOK COUNTY SHERIFF'S OFFICE, and COOK COUNTY SHERIFF, TOM DART, and the COUNTY OF COOK, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ana M. McNamara ("McNamara") filed a ten-count Complaint against Cook County Sergeant Shelly Ann Koeller ("Koller"), Cook County Deputy Sheriff Rene Fullalove ("Fullalove"), Cook County Chief Martha Dicaro ("Dicaro"), Cook County Deputy Sheriff Sheri Savickes ("Savickes") (collectively, "County Officers"), Cook County Sheriff Tom Dart and Cook County (collectively, "Cook County")[1] and Joel F. Handler ("Handler"). Count I of McNamara's Complaint alleges a violation of 42 U.S.C. § 1983 against the County Officers and Cook County and Count II alleges a conspiracy under § 1983 against the County Officers, Cook County and Handler. The remaining counts of McNamara's Complaint, Counts III through X, are all state law claims.

---

[1] A suit against a government employee in his official capacity is actually a suit against the governmental entity itself. *See Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir. 1995).

Handler, the County Officers and Cook County moved to dismiss McNamara's Complaint.[2] Handler moved to dismiss Counts II through X, and the County Officers and Cook County moved to dismiss Counts I through X. For the reasons stated, this Court grants Handler's Motion to Dismiss Count II, and the County Officers' and Cook County's Motion to Dismiss Counts I and II. Additionally, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## **STATEMENT OF FACTS**[3]

The following facts are taken from the allegations in Plaintiff's Complaint, which are accepted as true for purposes of deciding this motion to dismiss. On October 3, 2006, Handler appeared before Judge Alexander White in the Circuit Court of Cook County (Case No. 01 L 3814) and obtained an arrest warrant/body attachment ("arrest warrant") for McNamara. Compl. ¶ 11. The arrest warrant ordered the Sheriff to promptly pick up McNamara and directed the Sheriff not to initially notify her, by letter, of the outstanding warrant. Compl. ¶ 12. The arrest warrant included a $20,000 cash bond. *Id*. The arrest warrant was obtained without McNamara's knowledge. *Id*. On September 4, 2007, Handler went to the Cook County Sheriff's Office located at the Richard J. Daley Center ("the Daley Center") and gave the arrest warrant to Koeller and Dicaro. Compl. ¶ 13. McNamara, who is an attorney, was on trial on September 4, 2007 at the Daley Center before Judge Nancy Arnold. Compl. ¶ 14. While she was in court on September 4,

---

[2]Handler filed his own Motion to Dismiss and the County Officers and Cook County filed a joint motion.

[3]McNamara and Handler have both attached matters outside the pleadings to their respective briefs. This Court will not consider any of these materials, and will only consider the pleadings in ruling on Defendants' Motions to Dismiss. Fed.R.Civ.P. 12(b); *See also Alioto v. Marshall Fields & Co.*, 77 F.3d 934, 935 ( 7th Cir. 1996) (holding materials beyond the complaint are not to be considered by the court when ruling on a motion to dismiss for failure to state a claim).

2007, Fullalove and Savickes arrested McNamara on the warrant. *Id*. McNamara alleges that her arrest and detention on September 4, 2007, was in violation of Illinois law exempting attorneys from being arrested while in court. 705 ILCS 205/9; 725 ILCS 5/107-7. Compl. ¶¶ 19-21, 25. McNamara alleges that Handler and the County Officers knew that attorneys are immune from arrest while attending court and despite this knowledge executed the arrest warrant on her while she was on trial. Compl. ¶ 22.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

## DISCUSSION

**I. Count I 42 U.S.C. § 1983-False Arrest and Detention**

In Count I of her Complaint, McNamara alleges that the County Officers and Cook County violated 42 U.S.C. § 1983 when they arrested her in court. As an initial matter, Cook County cannot be liable under § 1983 unless McNamara alleges that her Constitutional violation was caused by an

3

official custom or policy of Cook County. *See Eversole v. Steele*, 59 F.3d 710, 715 (7th Cir. 1995) ("A local governmental entity will be responsible for the unconstitutional actions of its employees only if those actions were taken pursuant to official policy or custom."). Here, McNamara does not allege that Cook County has an official policy or custom that resulted in her false arrest. Her claim against Cook County merely seeks to impose vicarious liability on Cook County for the actions of its County Officers. Because § 1983 does not impose *respondeat superior* liability on local governments such as Cook County, McNamara has failed to state a § 1983 claim for false arrest against Cook County. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("Municipalities and other local governments cannot be liable under § 1983 under a *respondeat superior* theory. . .").

In order for the County Officers to be held liable under 42 U.S.C. § 1983 for arresting her in court, McNamara must allege that they were acting under color of state law when they deprived her of a Constitutional right. *See Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Here, the federal right is her right to be free from unreasonable searches and seizures. *See Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006) (a claim for false arrest is a Fourth amendment claim because it alleges seizure of one's person); *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006) (arrest is a "seizure" under the Fourth Amendment).

A law enforcement officer who arrests an individual based on probable cause does not commit an "unreasonable" seizure under the Fourth Amendment. *Id.* Police officers have probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed" an offense. *Id*. (citing *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir.

4

1998)). In the case of an outstanding arrest warrant, the warrant and body attachment provide probable cause for the arrest. *See U.S. v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006) (outstanding arrest warrant supports probable cause for arrest whether or not it was correct); *Strack v. Donahue*, 535 F.Supp. 772, 774 (N.D. Ill. 1981) (order of contempt and issuance of body attachment in prior divorce proceedings support probable cause allowing for custodial arrest). Having the warrant provides the officers with a document upon which a neutral judicial officer has already reviewed the factors and has made a determination that probable cause exists to arrest. *See Steagald v. U.S.*, 451 U.S. 204, 212 (1981). The warrant serves as a protection for the individual, preventing that person from an "unreasonable" seizure. *Id.* at 212-13. Because such a determination has been made, once an arrest warrant is issued by a neutral judge, the officer executing the warrant is not responsible for making a probable cause determination or questioning the validity of the warrant. *See Jones v. Wilhelm*, 425 F.3d 455, 462 (7th Cir. 2005) ("Absent exigent circumstances, nothing-neither the determination of probable cause nor the confirmation that a warrant is sufficiently particular-is meant to be left to the discretion of police officers executing a warrant").

Here, the County Officers had probable cause to arrest and detain McNamara based on the valid warrant that the judge had issued. McNamara concedes that she was arrested by the County Officers pursuant to the outstanding arrest warrant; she alleges, however, that eleven months had passed from the issuance of the arrest warrant to the time it was served on her and she therefore challenges its validity. The passing of time, however, does not impact the validity of the warrant. In fact, "it is virtually impossible for probable cause to become stale between procurement of a warrant and arrest." *See U.S. v. Watson*, 423 U.S. 411, 451 (1976). Unlike a search warrant, which has a period of time within which the search must be conducted before the probable cause becomes

stale, an arrest warrant typically does not require execution within a specified time period. *See Id.*

This makes sense, of course, because the determination of probable cause in a search warrant is whether probable cause exists that evidence of a crime is located in a particular place at a particular time. The passing of time can significantly impact that situation. But once a neutral judicial officer determines that there is probable cause that a particular individual committed a crime, the passing of time has no effect on that determination.

McNamara next alleges that because the County Officers arrested her in violation of Illinois law granting attorneys immunity from arrest while in court, her arrest is also invalid. A violation of state law, however, is not material to the question of whether a violation of a federally protected right exists. *See Thomson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006). Therefore, McNamara's arrest, pursuant to a valid arrest warrant, is not an unreasonable seizure in violation of her Fourth Amendment rights even if it violated state law.

Here, County Officers had probable cause to arrest McNamara because they arrested her pursuant to a valid arrest warrant. Probable cause is an absolute defense to a false arrest claim under § 1983. *See Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Additionally, the fact that McNamara may have been exempt from arrest under Illinois law by virtue of her privilege as an attorney in court does not make the County Officers liable for false arrest under § 1983 because § 1983 protects violations of federal law not state law. *Scott v. Edinburg*, 346 F.3d 752 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws. . ."). Therefore, McNamara has failed to state a claim for false arrest under § 1983 against the County Officers, and Count I of her Complaint is dismissed.

**II. Count II § 1983 Conspiracy**

McNamara next alleges that Handler (a private citizen), the County Officers and Cook County conspired to falsely arrest and detain her in violation of § 1983. In order for Handler to be held liable under § 1983, McNamara must allege that he conspired with the County Officers to falsely arrest and detain her. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) This is because a § 1983 violation requires action under color of state law. *See Id*. For McNamara to allege a conspiracy between Handler and the County Officers she must demonstrate that they had a mutual understanding to deprive her of a constitutional right. *Id*. (citing *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (internal quotation and citations omitted)).

Here, McNamara's conspiracy claim hinges on the same underlying constitutional violation as her § 1983 claim, unreasonable seizure in violation of her Fourth Amendment rights. As stated above, this Court finds that McNamara was not unreasonably seized because the County Officers had probable cause to arrest her based on a valid arrest warrant. Therefore, McNamara has failed to state a § 1983 conspiracy claim, and Count II of her Complaint is dismissed.

**III. Counts III through X-State Law Claims**

Under 28 U.S.C. § 1367(a), district courts are granted supplemental jurisdiction over pendant state law claims; however, if all federal law claims drop out before trial, the district court may dismiss the state law claims. 28 U.S.C. § 1367(c)(3). McNamara's complaint alleges subject matter jurisdiction under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a) and 1367(a). Because this Court has dismissed all causes of action arising under federal law and the United States Constitution, it declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Therefore, the remaining state law claims are dismissed for lack of subject matter jurisdiction. *See McCready v. Title Services of Illinois, Inc.*, 2008 WL 2435933 (N.D. Ill. June 16, 2008) (citing

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed").

## CONCLUSION AND ORDER

For the reasons stated, Counts I and II of McNamara's Complaint are dismissed for failure to state a claim and Counts III through X are dismissed for lack of subject matter jurisdiction.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: December 16, 2008